Mark C. JACKSON, Plaintiff–Appellant,

v.

UNITED STATES, Defendant–Appellee.

No. 2008–5060.

United States Court of Appeals, Federal Circuit.

June 26, 2008.

Mark C. Jackson, Starke, FL, pro se.

Dawn E. Goodman, Department of Justice, Washington, DC, for Defendant–Appellee.

Before MICHEL, Chief Judge, NEWMAN and LOURIE, Circuit Judges.

ON MOTION

PER CURIAM.

*ORDER*

The United States moves to summarily affirm the United States Court of Federal Claims' judgment in *Jackson v. United States,* No. 07–CV–713 (Feb. 27, 2008).

Mark C. Jackson, acting pro se, filed a complaint at the Court of Federal Claims alleging that the Department of Veterans Affairs wrongly denied his claim for benefits and vocational rehabilitation or that Veterans Affairs breached an implied contract by denying him benefits, and that the Social Security Administration wrongly denied his claims for benefits. Subsequently, the United States filed a motion for dismissal of the complaint for lack of subject

matter jurisdiction. On February 27, 2008, the Court of Federal Claims granted the motion, finding it lacked jurisdiction over Jackson's claims.

Jackson filed an appeal seeking review by this court. The United States moves to summarily affirm the Court of Federal Claims' decision to dismiss Jackson's complaint. Summary affirmance of a case "is appropriate, *inter alia,* when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States,* 17 F.3d 378, 380 (Fed.Cir.1994). In the present case, it is clear that summary affirmance is warranted.

First, the Court of Federal Claims correctly concluded that it lacked jurisdiction over Jackson's claim for veterans benefits and that the claim did not arise by contract. *See* 38 U.S.C. §§ 511 and 7252(a) (providing exclusive review in the United States Court of Appeals for Veterans Claims). Second, the court correctly concluded that it lacked jurisdiction over Jackson's claims for social security benefits. *See Marcus v. United States,* 909 F.2d 1470, 1471 (Fed.Cir.1990) ("The Claims Court has no jurisdiction … over claims to social security benefits even … under the Constitution.")

Accordingly,

IT IS ORDERED THAT:

(1) The motion to summarily affirm is granted.

(2) Each side shall bear its own costs.