ON MOTION
PER CURIAM.

ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R, 27(f) and summarily affirm the judgment of the United States Court of Appeals for Veterans Claims (CAVC) in Jackson v. *316 Peake, CAVC No. 07-2703, 2008 WL 624713. Mark Jackson opposes. The Secretary moves for leave to file a reply out of time. Jackson responds.
Jackson appealed to the CAVC from an order of the Board of Veterans’ Appeals that remanded, to a regional office, his claims for entitlement to reimbursement for equipment purchased for vocational rehabilitation and education and entitlement to a determination of feasibility of a vocational goal. The CAVC dismissed Jackson’s appeal because it lacks jurisdiction to review nonfinal decisions of the Board. Jackson appeals, seeking review by this court.
The Secretary moves to summarily affirm the CAVC’s decision on the ground that 38 C.F.R. § 20.1100(b) and our decision in Howard v. Gober, 220 F.3d 1341 (Fed.Cir.2000) are controlling. Summary affirmance of a ease “is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists.” Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). In the present case, it is clear that summary affirmance is warranted.
When the Board has not rendered a final and appealable decision on a particular matter, the CAVC has no jurisdiction to consider any appeal from any Board order remanding the case. Section 20.1100(b) of title 38 of the Code of the Federal Register provides that “a remand is in the nature of a preliminary order and does not constitute a final decision of the Board.” Citing that regulation, we stated in Howard that a claimant cannot appeal to the CAVC from a Board remand order because that Board order is not a final decision. Howard, 220 F.3d at 1344.
Because the Board remanded Jackson’s claims to the regional office for additional development, there was no final Board decision and the CAVC was clearly correct in dismissing Jackson’s appeal. Therefore, summary affirmance of the CAVC’s judgment is appropriate.
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motions are granted.