NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7140

MARK C. JACKSON,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Mark C. Jackson, of Starke, Florida, pro se.

A. Bondurant Eley, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Kirk T. Manhardt, Assistant Director. Of counsel were David J. Barrans, Deputy Assistant General Counsel, and Christa A. Childers, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Chief Judge William P. Greene, Jr.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7140

MARK C. JACKSON,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 08-0662, Chief Judge William P. Greene, Jr.

_____

DECIDED: December 17, 2008

_____

Before NEWMAN, PLAGER, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

Mark C. Jackson appeals the decision of the United States Court of Appeals for Veterans Claims (Veterans Court) that denied his petition for writ of mandamus.[1]  For the reasons explained below, we <u>affirm</u>.

The arguments made by Mr. Jackson in his petition for writ of mandamus relate to his claim for vocational rehabilitation benefits.  In an October 2006 decision, the Board of Veterans' Appeals (Board) remanded his claim to a Department of Veterans

_____

[1]  <u>Jackson v. Peake</u>, No. 08-0662, 2008 WL 2572708 (Vet. App. June 23, 2008).

Affairs (VA) regional office (RO) for further development. Mr. Jackson appealed the Board's decision to the Veterans Court, which dismissed his appeal for lack of jurisdiction because the Board's remand decision was not a reviewable final decision.[2] Mr. Jackson then appealed the Veterans Court's decision to this court; we summarily affirmed.[3]

In February 2008, before filing that appeal with this court, Mr. Jackson filed with the Veterans Court a petition requesting extraordinary relief in the form of a writ of mandamus. Although he filed the petition under the docket number assigned to his previous appeal, 07-2703, the Veterans Court docketed it as a separate matter, 08-0662. In his petition, Mr. Jackson argued, inter alia, that the VA has deprived him of his liberty "by maliciously and capriciously interfering with [his] acquisition of useful knowledge," and he requested past due benefits, punitive damages, and lost wages in the amount of $7,800,000. The Veterans Court dismissed the petition because Mr. Jackson failed to present sufficient facts for the court to determine whether he met the requirements for obtaining a writ. That decision by the Veterans Court is the subject of the present appeal.

This court has jurisdiction to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a). In reviewing a Veterans Court decision, we

---

[2] Jackson v. Peake, No. 07-2703, 2008 WL 624713 (Vet. App. Jan. 4, 2008).

[3] Jackson v. Peake, No. 2008-7103 (Fed. Cir. July 18, 2008) (order).

must "decide all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(c). We also have jurisdiction to review certain decisions made by the Veterans Court under the All Writs Act, 28 U.S.C. § 1651(a). See Lamb v. Principi, 284 F.3d 1378, 1381-82 (Fed. Cir. 2002). We address Mr. Jackson's arguments to the extent they present issues within the scope of our jurisdiction.

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Kerr v. U.S. Dist. Court for N. Dist. of Cal., 426 U.S. 394, 402 (1976). In order to establish entitlement to a writ of mandamus, a petitioner must show (1) that he has a "clear and indisputable" right to the writ, and (2) that he has no other adequate means to obtain the relief sought. Id. at 403; Lamb, 284 F.3d at 1382. "Issuance of the writ is in large part a matter of discretion with the court to which the petition is addressed." Kerr, 426 U.S. at 403.

Mr. Jackson argues that in denying his petition for mandamus, the Veterans Court failed to apply 28 U.S.C. § 2675(a) and violated 38 U.S.C. § 7261(a)(2) and (3). The first is a provision of the Federal Tort Claims Act under which a claim is deemed denied if an agency fails to make a final decision within six months; it applies only to tort claims against the United States, and does not apply to benefits claims filed with the VA. The second statute cited by Mr. Jackson governs the Veterans Court's scope of review of Board decisions; it does not provide the standard for determining whether to issue a writ of mandamus under the All Writs Act, 28 U.S.C. § 1651(a). Mr. Jackson also alleges that the Veterans Court condoned the VA's continued breach of his liberty.

Putting aside the citation of statutory provisions that are not applicable to the issue on appeal and his attempt to raise a constitutional issue simply by placing a constitutional label on his assertions, we understand the essence of Mr. Jackson's argument to be that the VA has failed to render a timely decision on his claim for vocational rehabilitation benefits. However, our review of the record and our independent research indicate that Mr. Jackson's claim has been processed in the VA's normal course.

After the Board remanded the case to the RO in October 2006, the RO denied Mr. Jackson's claim for vocational rehabilitation benefits and issued a Supplemental Statement of the Case (SSOC) on January 11, 2008. See Jackson v. Peake, No. 08-3082, 2008 WL 5082120, at *1 (Vet. App. Nov. 21, 2008) (decision by the Veterans Court denying a second petition for a writ of mandamus filed by Mr. Jackson on September 17, 2008). The matter was returned for appellate review to the Board, where it remains pending. Id.[4]

To the extent Mr. Jackson's petition for a writ of mandamus is an attempt to obtain review by the Veterans Court of the Board's October 2006 decision remanding the claim to the RO, that decision was not a final decision that can be appealed to the Veterans Court. See 38 U.S.C. § 7252(a); 38 C.F.R. § 20.1100(b); Howard v. Gober, 220 F.3d 1341, 1344 (Fed. Cir. 2000). Mr. Jackson's claim for vocational rehabilitation benefits is now back before the Board after the RO's decision on remand. Once the

---

[4] Neither Mr. Jackson's brief nor the Government's brief contains this information. Indeed, the Government's brief incorrectly states that Mr. Jackson's claim is still pending before the RO on remand.

Board reaches a final decision, he will have the opportunity to appeal any adverse determination to the Veterans Court.

We understand Mr. Jackson's impatience with the lack of final resolution of his claim. He first filed his claim for vocational rehabilitation benefits sometime before October 2006 (the record does not state the exact date). That was over two years ago. Some of the delay in his obtaining a final resolution is of course attributable to his pursuit of appeals from the initial decision made by the regional office. Mr. Jackson, either through counsel or pro se, has availed himself of the myriad opportunities the system provides for review.

On this record we cannot say that the Veterans Court abused its discretion or committed other legal error in denying Mr. Jackson's petition for a writ of mandamus. Indeed, we have every confidence that that court is attentive to the need for expeditious disposition of veterans' claims by the VA. As the Veterans Court stated in its recent denial of another petition for a writ of mandamus filed by Mr. Jackson, the evidence demonstrates that the VA is addressing his claim, and we "trust[] that the [VA] will resolve the matter[] in a timely manner consistent with governing statutes and regulations." Jackson, 2008 WL 5082120, at *2.

## COSTS

Each party shall bear its own costs.