NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7041

MARK C. JACKSON,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Mark C. Jackson, of Starke, Florida, pro se.

Russell A. Shultis, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With him on the brief were Jeanne E. Davidson, Director, and Brian M. Simkin, Assistant Director.

Appealed from:  United States Court of Appeals for Veterans Claims

Chief Judge William P. Greene, Jr.

# United States Court of Appeals for the Federal Circuit

2009-7041

MARK C. JACKSON,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 07-0817, Chief Judge William P. Greene, Jr.

_____

DECIDED: May 7, 2009

_____

Before RADER, LINN, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Mark C. Jackson appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the Board of Veterans' Appeals' ("Board's") decision to deny service connection for Mr. Jackson's hip and knee disabilities and an increased disability evaluation for a finger fracture. <u>See</u> <u>Jackson v. Peake</u>, No. 07-0817, 2008 WL 4453370 (Vet. App. Sept. 30, 2008). For the reasons that follow, we <u>dismiss</u> the appeal for lack of jurisdiction.

BACKGROUND

Mr. Jackson was active in the military from July 1989 to July 1993. After he left the service, he alleged that he suffered a number of service-connected injuries and

requested vocational rehabilitation and employment benefits. His case has been back and forth between the Board and his regional office ("RO") a number of times. The Board's most recent action took place on October 6, 2006, when the Board issued two related decisions: one addressing Mr. Jackson's vocational rehabilitation claims, and one addressing Mr. Jackson's service connection and increased rating claims.[1]

We first trace the history of Mr. Jackson's vocational rehabilitation claims. Before the Board, Mr. Jackson argued that he was entitled to reimbursement for a computer he had allegedly purchased for his vocational training. He also requested a determination of feasibility of a vocational goal. The Board found that Mr. Jackson did not receive the requisite notice, and noted that certain documents appeared to be missing from the record. The Board remanded the entire case back to the RO because "in addition to the confusion regarding the [vocational rehabilitation] appeal issues there [was] a substantial due process deficiency."[2]

Mr. Jackson appealed the Board's 2006 vocational rehabilitation decision to the Veterans Court. Jackson v. Peake, No. 07-2703, 2008 WL 624713 (Vet. App. Jan. 4, 2008). In that opinion, the Veterans Court noted that the Board had in fact remanded Mr. Jackson's claims. Because a remand is not a "final" Board decision, and because the Veterans Court only has jurisdiction over final decisions, the court dismissed the

---

[1] While the Board usually addresses all issues in a single decision, the Board has an exception for issues "dependent on completely different law and facts," such as vocational rehabilitation and service connection.

[2] On remand, the RO denied Mr. Jackson's claims and notified him via a Supplemental Statement of the Case ("SSOC"). Jackson v. Peake, 303 F. App'x 881, 883–84 (Fed. Cir. 2008). The SSOC informed Mr. Jackson that he had sixty days in which to respond to the action, and that if he did not respond the case would be turned over to the Board for appellate review.

appeal. We summarily affirmed that decision. <u>Jackson v. Peake</u>, No. 2008-7103, 2008 WL 5690032 (Fed. Cir. July 18, 2008).

Mr. Jackson also petitioned the Veterans Court for two writs of mandamus, both relating to his vocational rehabilitation claims. In the first, Mr. Jackson alleged that the Department of Veterans Affairs deprived him of his liberty by interfering with his ability to acquire "useful knowledge." He requested that the court order the Department of Veterans Affairs ("VA") to pay for all past and future benefits, and asked for punitive damages and lost wages in the amount of $7,800,000. <u>Jackson v. Peake</u>, No. 08-0662, 2008 WL 2572708, at *1 (Vet. App. June 23, 2008). The Veterans Court denied the petition, and Mr. Jackson appealed. Before we could issue an opinion, however, Mr. Jackson filed another petition based largely on the same facts and requesting similar relief. The court denied that petition as well. <u>Jackson v. Peake</u>, No. 08-3082, 2008 WL 5082120 (Vet. App. Nov. 21, 2008). We then affirmed the court's June 2008 decision to deny Mr. Jackson's petition for a writ of mandamus in <u>Jackson</u>, 303 F. App'x 881.

As we mentioned, the second portion of the Board's October 2006 decision dealt with Mr. Jackson's service connection and increased rating claims. In that opinion, the Board found that the VA had satisfied its duty to provide notice to and assist Mr. Jackson. The Board denied Mr. Jackson a service connection for a bilateral hip and knee disability, and held that Mr. Jackson failed to show he was entitled to an increased disability evaluation for residuals of a fracture in his left third finger. The Board also remanded on a number of issues, including Mr. Jackson's entitlement to service connection for a broken back and various foot problems. Finally, the Board deferred a

determination of Mr. Jackson's total disability based upon individual unemployability ("TDIU").[3]

Mr. Jackson appealed to the Veterans Court, challenging "that part of the October 6, 2008 Board decision that denied (1) secondary service connection for a bilateral hip disability, (2) secondary service connection for a bilateral knee disability and (3) increased (compensable) disability evaluation for residuals of a fracture left index finger." Despite this statement, Mr. Jackson's appellate brief was dedicated to two issues: whether the VA failed in its duty to assist Mr. Jackson in obtaining certain Social Security and medical records, and whether the VA failed to obtain certain vocational rehabilitation documents and associate those records with his file. He requested a remand "to obtain the Veteran's SSA disability records and VA Vocational Rehabilitation records." The Veterans Court found that Mr. Jackson did not show that he had ever notified the VA of any potentially relevant Social Security documents other than those already in the record. See Jackson, 2008 WL 4453370, at *1. The court also found that more than 200 pages of vocational rehabilitation documents existed, and Mr. Jackson failed to indicate with specificity which documents were missing. Id. at *2. The Veterans Court therefore affirmed the Board's October 2006 decision. Id.

Mr. Jackson has now filed an appeal on this matter with us. While Mr. Jackson admits that the Veterans Court decision did not involve the validity or interpretation of a statute or regulation, he argues (among other things) that two of his constitutional rights have been violated. First, he claims that the VA deprived him of liberty without due

---

[3] To the best of our knowledge, the claims that were remanded in that decision are still on remand and have not been returned to the Board. See Jackson, 2008 WL 5082120, at *1.

process of law because the VA has prevented him "from acquiring useful knowledge." Second, he claims he has been cruelly and unusually punished by the VA's malicious postponement of his academic career. He asks us to award him $10,400,000 in punitive damages for these constitutional violations.

## DISCUSSION

Under 38 U.S.C. § 7292, this court has extremely limited authority to review the Veterans Court's decisions. This court decides "all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). However, unless the appeal presents a constitutional issue, we may not review challenges to factual determinations or "to a law or regulation as applied to the facts of a particular case." Id. § 7292(d)(2).

Mr. Jackson's informal brief focuses almost entirely on the facts and the application of law to those facts. For instance, in addition to his constitutional claims Mr. Jackson argues that (1) the Veterans Court failed to remand his case as requested by counsel, (2) the record erroneously shows an injury to Mr. Jackson's index finger, not his third metacarpal, (3) the VA failed to obtain his Social Security records, (4) he was not permitted to view or add to the record on appeal, (5) his disability rating should be increased to 80%, (6) he qualifies for Social Security disability, convalescence time, and TDIU, and (7) he should be reimbursed for the computer.[4] We simply do not have

---

[4] Mr. Jackson also refers to a claim that was adjudicated by the United States Court of Federal Claims. There, he alleged that he was entitled to Social Security disability and veterans benefits and that the VA breached an implied-in-fact contract arising out of Mr. Jackson's rehabilitation plan. Jackson v. United States, 80 Fed. Cl. 560 (2008). The court dismissed the case for lack of jurisdiction. Id. at 565–68. We affirmed. Jackson v. United States, No. 2008-5060, 2008 WL 5648486 (Fed. Cir. June 26, 2008).

jurisdiction over these issues—they are either pure questions of fact or questions involving the application of law to the facts.

Further, many of the issues are still on remand to the Board and are not properly before either this court or the Veterans Court. Both courts have repeatedly made it clear to Mr. Jackson that he must wait to receive final judgment before he can appeal his claims. See Jackson, 303 F. App'x at 884 (the Board's October 2006 decision "was not a final decision that can be appealed to the Veterans Court. . . . Once the Board reaches a final decision, he will have the opportunity to appeal . . . ."); Jackson, 2008 WL 5690032, at *1 (because "there was no final Board decision," the Veterans Court "was clearly correct in dismissing Jackson's appeal"); Jackson, 2008 WL 5082120, at *2 ("[T]o the extent the petitioner is attempting to appeal the October 2006 decisions, they are not final adverse decisions of the Board over which the Court would have jurisdiction.").

Turning to Mr. Jackson's Fifth and Eighth Amendment claims, we have also made it clear in the past that he cannot "attempt to raise a constitutional issue simply by placing a constitutional label on his assertions." Jackson, 303 F. App'x at 883; see Helfer v. West, 174 F.3d 1332, 1335 (Fed. Cir. 1999) ("To the extent that he has simply put a 'due process' label on his contention that he should have prevailed . . . his claim is constitutional in name only. . . . [the veteran's] characterization of that question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack."). This is just as true now as it was then—Mr. Jackson is in effect arguing that he should prevail on the merits of his vocational rehabilitation claims. That question is outside of our jurisdiction. Mr. Jackson will have to wait for the Board's final decision on the

merits, and if he does not like the result he may then appeal the Board's decision to the Veterans Court. To the extent that Mr. Jackson makes other arguments, we find them to be without merit.

## CONCLUSION

For the reasons stated above, we dismiss Mr. Jackson's action for lack of jurisdiction.