NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7063

MARK C. JACKSON,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

<u>Mark C. Jackson</u>, of Starke, Florida, pro se.

<u>Scott T. Palmer</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were <u>Michael F. Hertz</u>, Acting Assistant Attorney General, <u>Jeanne E. Davidson</u>, Director, and <u>Donald E. Kinner</u>, Assistant Director. Of counsel on the brief was <u>David J. Barrans</u>, Office of General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7063

MARK C. JACKSON,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims
in 08-3082.

_____

DECIDED:  July 10, 1009
_____

Before MAYER, BRYSON, <u>Circuit Judges</u>, and SPENCER, <u>Chief District Judge</u>.<sup>*</sup>

PER CURIAM.

## DECISION

Mark C. Jackson appeals from an order of the United States Court of Appeals for

Veterans Claims ("the Veterans Court") denying a petition for a writ of mandamus.  We

<u>affirm</u>.

_____

∗  The Honorable James R. Spencer, Chief Judge, United States District Court for the
Eastern District of Virginia, sitting by designation.

BACKGROUND

Mr. Jackson served in the military from 1989 to 1993. In October 2006, the Board of Veterans' Appeals remanded Mr. Jackson's claim for vocational rehabilitation benefits to a Department of Veterans Affairs ("DVA") regional office for further development. Mr. Jackson appealed the Board's decision to the Veterans Court, which dismissed his appeal for lack of jurisdiction because the Board's remand order was not final. Mr. Jackson appealed to this court, and we summarily affirmed the Veterans Court's dismissal. Jackson v. Peake, No. 2008-7103 (Fed. Cir. July 18, 2008).

Before Mr. Jackson filed that appeal, he filed a petition for a writ of mandamus with the Veterans Court. In the petition, he argued that the DVA had deprived him of his liberty by "maliciously and capriciously interfering with [his] acquisition of useful knowledge" in denying his claim for vocational rehabilitation benefits, and he sought $7,800,000 in punitive and compensatory damages. The Veterans Court denied the petition on the ground that Mr. Jackson had failed to present sufficient facts for the court to determine whether he had a "clear and indisputable right" to the writ. The Veterans Court further noted that it was not authorized to grant tort remedies or punitive damages.

Mr. Jackson then appealed to this court, and we affirmed. Jackson v. Peake, 303 Fed. App'x 881 (2008). We explained that to the extent Mr. Jackson's petition was an attempt to obtain review of the Board's October 2006 decision remanding his claim to the regional office, that decision was not a final decision appealable to the Veterans Court: Mr. Jackson's claim for vocational rehabilitation benefits was back before the Board after the regional office's decision on remand, and he could appeal to the

Veterans Court if and when the Board rendered a final adverse decision on that claim. We also rejected Mr. Jackson's arguments that in denying his mandamus petition the Veterans Court had violated various statutory and constitutional provisions.

Before we issued that decision, Mr. Jackson filed another petition for a writ of mandamus with the Veterans Court. That second mandamus petition is the subject of the present appeal. As in his first mandamus petition, Mr. Jackson alleged that the DVA had deprived him of his liberty by "maliciously and capriciously interfering with [his] acquisition of useful knowledge by withholding benefits," and he charged the DVA with hindering his career as a computer systems analyst. Mr. Jackson sought $10,400,000 in punitive damages as well as $120,000 in lost wages for each year that the DVA had postponed his career. In addition, Mr. Jackson requested that the Veterans Court order the DVA to pay him convalescence pay for August 2003 to August 2004; to increase his compensation for certain disabilities; to pay benefits for total disability based on individual unemployability retroactive to June 2001; and to reimburse him for a computer he bought for his vocational rehabilitation program and for expenses he incurred to travel to a vocational rehabilitation meeting. On November 21, 2008, the Veterans Court issued an order denying Mr. Jackson's petition for a writ of mandamus because his claims were still pending before the Board and because Mr. Jackson had not demonstrated that the DVA had unreasonably delayed making a decision on his claims. Mr. Jackson then appealed to this court.

## DISCUSSION

Mr. Jackson contends that the Veterans Court wrongfully denied his petition for a writ of mandamus. We review the denial of a petition for a writ of mandamus by the

Veterans Court for abuse of discretion. <u>Lamb v. Principi</u>, 284 F.3d 1378, 1384 (Fed. Cir. 2002). We find no abuse of discretion in this case.

A court may issue a writ of mandamus if three conditions are satisfied: (1) the party seeking issuance of the writ must have no other adequate means to obtain the relief he desires; (2) the petitioner must demonstrate a clear and indisputable right to the writ; and (3) the court, in its discretion, must be convinced that the circumstances warrant issuance of the writ. <u>See</u> <u>Cheney v. U.S. Dist. Court for the Dist. of Columbia</u>, 542 U.S. 367, 380-81 (2004); <u>Kerr v. U.S. Dist. Court for the N. Dist. of Cal.</u>, 426 U.S. 394, 403 (1976).

In its order denying Mr. Jackson's mandamus petition, the Veterans Court noted that in October 2006 the Board had remanded all of his claims to the regional office for adjudication. The regional office then denied Mr. Jackson's request for vocational rehabilitation benefits, and in January 2008 it issued a supplemental statement of the case informing Mr. Jackson that his case would be returned to the Board within 60 days. Because the matter was before the Board, the Veterans Court explained that the regional office's October 2006 decision was not a final decision appealable to the Veterans Court. Thus, the court concluded that Mr. Jackson had failed to demonstrate a right to the writ or that he lacked an alternative means to attain the relief that he desired.

As we have previously stated, Mr. Jackson must wait for a final judgment from the Board before he can appeal his claims to the Veterans Court. <u>See Jackson</u>, 303 Fed. App'x at 884; <u>Jackson v. Shinseki</u>, No. 2009-7041, 2009 WL 1257143 (Fed. Cir. May 7, 2009). The writ of mandamus is not intended to be used as a "substitute for the

regular appeals process." Cheney, 542 U.S. at 381. Mr. Jackson therefore must wait for the Board's final decision on the merits; if he is dissatisfied with that decision, he may then appeal the Board's decision to the Veterans Court.

Mr. Jackson contends that the DVA has taken unreasonably long to act on his request for vocational rehabilitation benefits. The Veterans Court has held that the mere passage of time does not give rise to a right to mandamus unless the delay is equivalent to an arbitrary refusal to act. Ribaudo v. Nicholson, 20 Vet. App. 552, 555 (2007) (en banc). In this case, the Veterans Court found that the DVA is actively developing Mr. Jackson's claims and that Mr. Jackson has not established a right to mandamus relief. We uphold that ruling as not constituting an abuse of discretion. We also reject Mr. Jackson's related argument that the delay has violated his rights under the Due Process Clause of the Fifth Amendment, as there is no showing that the ongoing administrative proceedings in his case have been "unreasonably prolonged." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 547 (1985).

Mr. Jackson further alleges that the DVA has violated the Eighth Amendment by denying his claim in order to punish him for exercising his "right to due process in traffic court." He offers no evidence to support that claim, however, and in any event the Eighth Amendment's Cruel and Unusual Punishments Clause is limited to restricting the types of punishments that can be imposed on persons who are convicted of crimes. See Ingraham v. Wright, 430 U.S. 651, 664 (1977). It is inapplicable to DVA benefits determinations.

Mr. Jackson argues that the Veterans Court also misinterpreted or violated several statutory and regulatory provisions. First, he asserts that in denying his

mandamus petition the Veterans Court violated 38 U.S.C. § 7261(a)(2) and (3). Those provisions, however, govern the Veterans Court's scope of review of Board decisions; they do not provide a standard for determining whether to issue a writ of mandamus. Second, Mr. Jackson argues that the Veterans Court should have ordered the DVA to grant him equitable relief pursuant to 38 U.S.C. § 503, which authorizes the DVA Secretary to provide equitable relief if he determines that DVA benefits "have not been provided by reason of administrative error." The Veterans Court has held, however, that the Secretary's authority to grant equitable relief under section 503 is "wholly within the Secretary's discretion" and that the Veterans Court "does not have the power to compel the Secretary to exercise his authority to grant equitable relief." Smith v. Gober, 14 Vet. App. 227, 231 (2000).

Finally, Mr. Jackson contends that in denying his claim for vocational rehabilitation, the regional office violated 38 C.F.R. § 21.53, which sets forth the criteria the DVA uses to determine a veteran's "reasonable feasibility of achieving a vocational goal." According to Mr. Jackson, the Veterans Court overlooked that regulation when it denied his request for relief. That argument, however, goes to the merits of Mr. Jackson's underlying claim for benefits; it lends no support to Mr. Jackson's assertion that the Veterans Court abused its discretion in denying his mandamus petition because his vocational rehabilitation claim remained pending before the Board.