NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARK C. JACKSON,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2014-5121

---

Appeal from the United States Court of Federal Claims in No. 1:14-cv-00277-NBF, Judge Nancy B. Firestone.

---

Decided: May 18, 2015

---

MARK C. JACKSON, Starke, FL, pro se.

MEEN GEU OH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by STUART F. DELERY, ROBERT E. KIRSCHMAN, JR., KIRK T. MANHARDT.

---

PER CURIAM.

Mark C. Jackson appeals a final order of the United States Court of Federal Claims dismissing his complaint. *See Jackson v. United States*, No. 1:14-cv-00277-NBF, 2014 WL 2927157 (Fed. Cl. June 27, 2014) ("*Court of Federal Claims Decision*"). We affirm.

On April 10, 2014, Jackson, acting pro se, filed suit in the Court of Federal Claims. He alleged that he had been improperly denied Social Security benefits, as well as vocational rehabilitation benefits from the Department of Veterans Affairs ("VA"). Jackson further alleged that he had been falsely imprisoned, and that the State of Florida had wrongfully suspended his driver's license for speeding. In addition, Jackson alleged that he had devised a system for using "solar powered upwelling pipes" to prevent hurricanes, and asserted that the United States was obligated to pay him $10 billion for the use of this system. Jackson also asked the Court of Federal Claims to issue a declaration stating that he was mentally competent.

After carefully analyzing Jackson's claims, the Court of Federal Claims correctly dismissed his complaint.[*] As the court properly concluded, it had no jurisdiction over

---

[*] The court noted that Jackson was a serial filer who had "sought the same or similar relief in" other court proceedings. *Court of Federal Claims Decision*, 2014 WL 2927157, at *1; *see Jackson v. Colvin*, No. 3:12–cv–957, 2014 WL 54087, at *2 (M.D. Fla. Jan. 3, 2014) (dismissing as frivolous Jackson's claim that he had invented a hurricane prevention device); *Jackson v. United States*, 311 F. App'x 356 (Fed. Cir. 2008) (summarily affirming the Court of Federal Claims' determination that it lacked jurisdiction over Jackson's claims for Social Security and veterans' benefits).

Jackson's claims seeking Social Security benefits. Claims seeking such benefits must be filed in district court. *See* 42 U.S.C. § 405; *Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990). Nor did the Court of Federal Claims have authority to adjudicate Jackson's claim that he had been wrongfully denied VA vocational benefits. It is the United States Court of Appeals for Veterans Claims, not the Court of Federal Claims, which has exclusive jurisdiction over veterans' benefits claims. *See* 38 U.S.C. §§ 511(a), 7252(a); *see also Hanlin v. United States*, 214 F.3d 1319, 1321 (Fed. Cir. 2000).

The Court of Federal Claims likewise had no authority to adjudicate Jackson's claim seeking damages for false imprisonment. Because a claim of false imprisonment sounds in tort, it falls outside the court's jurisdictional reach. *See* 28 U.S.C. § 1491(a)(1); *see also Quillin v. United States*, 228 Ct. Cl. 727, 727 (1981). Likewise, the Court of Federal Claims was without authority to issue a declaration stating that Jackson is mentally competent. *See Nat'l Air Traffic Controllers Ass'n v. United States*, 160 F.3d 714, 716 (Fed. Cir. 1998) (explaining that "[t]he Court of Federal Claims has never been granted general authority to issue declaratory judgments").

As the Court of Federal Claims properly determined, moreover, it had no jurisdiction over Jackson's claims against the State of Florida. Under the Tucker Act, the court is vested with authority to adjudicate certain claims brought against the United States. *See* 28 U.S.C. § 1491(a)(1) (providing "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort"). Because the court has no authority over a claim seeking damages from a state, however, it could not review Jackson's claim that the State of Florida wrongful-

ly suspended his license for speeding. *See Souders v. S. Carolina Pub. Serv. Auth.*, 497 F.3d 1303, 1308 (Fed. Cir. 2007).

Finally, we conclude that the Court of Federal Claims properly dismissed Jackson's claim seeking $10 billion from the United States for the use of his purported hurricane prevention device. Courts are obligated to dismiss "claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). As the Court of Federal Claims correctly determined, Jackson's allegations regarding his purported hurricane prevention device were factually frivolous. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (explaining that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible").

On appeal, Jackson reiterates his argument that the VA wrongfully denied him vocational training benefits. He further contends that the State of Florida was involved in a conspiracy to "circumvent [his] Double Jeopardy Rights" and keep him "unemployable [and] unable to vote." Jackson fails, however, to demonstrate any error in the Court of Federal Claims' decision to dismiss his claims. *See Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (explaining that a plaintiff bears the burden of establishing, by a preponderance of the evidence, that the Court of Federal Claims has jurisdiction over his claims). Accordingly, we affirm the final order of the United States Court of Federal Claims dismissing Jackson's complaint.

**AFFIRMED**