NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**In re:  MARK C. JACKSON,**
*Petitioner*

---

2020-102

---

On Petition for Writ of Mandamus to the United States Court of Appeals for Veterans Claims in No. 19-5406, Judge Margaret C. Bartley.

---

**ON PETITION**

---

PER CURIAM.

**O R D E R**

Before the court is Mark C. Jackson's "Petition for Extraordinary Relief," which the court construes as seeking mandamus relief.  Mr. Jackson has also submitted a "notice of interlocutory appeal."

To prevail on a mandamus petition, a party must show: (1) it has a clear legal right to relief; (2) there are no adequate alternative legal channels through which it may obtain that relief; and (3) the grant of mandamus is appropriate under the circumstances. *Cheney v. U.S. Dist. Court for the Dist. of Columbia,* 542 U.S. 367, 380–81

(2004); *Kerr v. U.S. Dist. Court for the N. Dist. of Cal.*, 426 U.S. 394, 403 (1976).

Among other things, Mr. Jackson states in his petition that he seeks "the necessary writs to enforce the judgment" in connection with a decision of the Board of Veterans Appeals, No. 04-31 819A, 2014 WL 5094720 (Aug. 4, 2014), and has a petition for an extraordinary writ pending in the United States Court of Appeals for Veterans Claims "but, to date no action has been taken by the court on the petition." Mr. Jackson identifies Veterans Court Docket No. 2019-5406. On November 21, 2019, the Veterans Court acted on Mr. Jackson's petition in that case. Pursuant to Federal Rule of Appellate Procedure 4(d), this court will transmit to the Veterans Court Mr. Jackson's notice of appeal as having been timely filed. Mr. Jackson thus has an alternative means by which to pursue his relief.

Mr. Jackson also raises allegations against numerous parties, including the State of Florida, concerning "a governmental racketeering enterprise conspiracy or retaliatory, discriminatory prohibited personnel practice or unwarranted personnel action" involving, among other things, court corruption, his driver's license suspension, his brother's murder, and his attendance at West Virginia University. Just as this court previously concluded that Mr. Jackson's earlier petitions raising essentially the same allegations failed to establish a clear and indisputable right to relief, *see, e.g., Jackson v. United States*, 612 F. App'x 997 (Fed. Cir. 2015); *Jackson v. Shinseki*, 421 F. App'x 957 (Fed. Cir. 2011), we do the same here.

Accordingly,

IT IS ORDERED THAT:

(1) Mr. Jackson's petition is denied.

(2) This court transmits ECF No. 4, to the Clerk of the Veterans Court to be considered a notice of appeal in *Jackson v. Wilkie*, No. 19-5406, filed on December 17, 2019.

IN RE JACKSON                                                                                     3

FOR THE COURT

<u>January 29, 2020</u>                     <u>/s/ Peter R. Marksteiner</u>
        Date                            Peter R. Marksteiner
                                      Clerk of Court

s31