Daniel R. **HOWARD**, Claimant–
Appellant,

v.

Hershel W. **GOBER**, Acting Secretary
of Veterans Affairs, Respondent–
Appellee.

No. 99–7194.

United States Court of Appeals,
Federal Circuit.

Aug. 4, 2000.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

Gerald M. Alexander, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for respondent-appellee. On the brief were David W. Ogden, Acting Assistant Attorney General; David M. Cohen, Director; Kathryn A. Bleecker, Assistant Director; and Agnes M. Brown, Attorney. Of counsel on the brief were Richard J. Hipolit, Deputy Assistant General Counsel; and Y. Ken Lee, Attorney, Department of Veterans Affairs, of Washington, DC.

Before MICHEL, LOURIE, and RADER, Circuit Judges.

LOURIE, Circuit Judge.

Daniel R. Howard appeals from the decision of the United States Court of Appeals for Veterans Claims dismissing his appeal for lack of jurisdiction. *See Howard v. West*, No. 99–166 (CAVC June 25, 1999) (order) ("*Howard II*"). Because we

conclude that the court did not err in dismissing Howard's appeal, and because Howard improperly raises an issue that was not raised before the Court of Appeals for Veterans Claims, we affirm-in-part and dismiss-in-part.

## BACKGROUND

Mr. Howard is a Vietnam veteran who served on active duty from September 1966 to January 1970. *See Howard v. West,* No. 97–14 044, slip op. at 1, 3 (BVA Oct. 9, 1998) (*"Howard I "*). On February 19, 1991, the Department of Veterans Affairs Regional Office ("RO") denied his claim for service connection for post-traumatic stress disorder ("PTSD"), and in June 1996, the RO issued a decision denying Howard's attempt to reopen his claim, *see id.* at 2. Howard appealed from the June 1996 decision to the Board of Veterans' Appeals, arguing that new and material evidence had been submitted to reopen his PTSD claim. *See id.* at 1; see also 38 C.F.R. § 3.156 (1999) ("New and material evidence"). Howard also appealed from the February 1991 decision, arguing that that decision was infected with clear and unmistakable error ("CUE"). It is unclear from the record whether these appeals were brought before the Board individually or in a consolidated fashion. In any event, on October 9, 1998, the Board remanded, instructing the RO to evaluate the evidence proffered by the veteran in support of his attempt to reopen his June 1996 PTSD claim. See Howard *I,* slip op. at 2–6. The Board's decision, however, did not address Howard's claim of CUE in the February 1991 RO decision.

Howard appealed to the Court of Appeals for Veterans Claims, requesting that the court instruct the Board to address his CUE claim. The court dismissed Howard's appeal, holding that it lacked jurisdiction because the Board had not rendered a final decision regarding the CUE claim. *See Howard II,* slip op. at 1. The court further held that even if his appeal were treated as a petition for mandamus, that petition would fail because there was not "any basis for the [c]ourt to conclude that the CUE matter [would] not be addressed by the Board in due course," and thus Howard had failed to prove that he had exhausted his administrative remedies. *Id.*

Howard appealed from the decision of the Court of Appeals for Veterans Claims to this court. We have jurisdiction pursuant to 38 U.S.C. § 7292.

## DISCUSSION

 Pursuant to 38 U.S.C. § 7292, our jurisdiction to review a decision of the Court of Appeals for Veterans Claims is highly circumscribed. *See Glover v. West,* 185 F.3d 1328, 1331 (Fed.Cir.1999). Under that statute, we may review a decision "with respect to the validity of any statute or regulation ... or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a) (Supp. IV 1998). "Except to the extent that an appeal presents a constitutional issue, we may not review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case." *Bowey v. West,* 218 F.3d 1373, 1375–76 (Fed.Cir.2000) (citing 38 U.S.C. § 7292(d)(2) (1994)). Whether the Court of Appeals for Veterans Claims possessed jurisdiction over Howard's appeal is an issue of statutory construction, *see Ledford v. West,* 136 F.3d 776, 778 (Fed.Cir.1998) (citing 38 U.S.C. § 7252 (Supp. IV 1998)), that we review without deference, *see Hensley v. West,* 212 F.3d 1255, 1259 (Fed.Cir.2000).

 Howard argues that the Court of Appeals for Veterans Claims erred in dismissing his appeal based on an erroneous interpretation of 38 U.S.C. § 7252(a), the statute conferring jurisdiction on that court over appeals from Board decisions. Howard specifically contends that the court erroneously incorporated an exhaustion requirement into section 7252, and he asserts that, in any event, he satisfied that requirement by raising the issue before

the Board. Howard also argues that by dismissing his appeal, the court misinterpreted 38 U.S.C. § 7261, which requires it to "compel action of the Secretary unlawfully withheld or unreasonably delayed." In short, Howard contends that the court's decision leaves him in "appellate limbo" without Board adjudication of his CUE claim and without appellate remedy from the court to compel the Board to address that claim.

The Secretary responds that the Court of Appeals for Veterans Claims properly dismissed Howard's appeal under a correct interpretation of section 7252(a). The Secretary indicates that this court has interpreted section 7252(a) to confer jurisdiction on the Court of Appeals for Veterans Claims over *final* Board decisions, and because there was no final Board decision with respect to Howard's CUE claim, the court had no jurisdiction to consider it. The Secretary further contends that the court did not incorporate an exhaustion requirement into section 7252(a), but merely discussed Howard's failure to comply with that requirement in rejecting what it perceived as Howard's request for mandamus relief. Lastly, the Secretary asserts that Howard's remaining contentions, such as whether he did in fact exhaust his administrative remedies, constitute application of law to fact, which are beyond this court's jurisdiction.

■ We agree with the Secretary that the Court of Appeals for Veterans Claims correctly dismissed Howard's appeal under a proper interpretation of section 7252. Section 7252 provides in relevant part as follows:

§ 7252. Jurisdiction; finality of decisions

(a) The Court of Appeals for Veterans Claims shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals. The Secretary may not seek review of any such decision. The Court shall have power to affirm, modify, or reverse a decision of the Board or to remand the matter, as appropriate.

38 U.S.C. § 7252(a) (Supp. IV 1998). As we explained in *Ledford*, the Court of Appeals for Veterans Claims' jurisdiction "is premised on and defined by the Board's decision concerning the matter being appealed," and when the Board has not rendered a decision on a particular issue, the court has no jurisdiction to consider it under section 7252(a). *See Ledford*, 136 F.3d at 779.

As we noted *supra*, from a procedural standpoint, it is unclear to us whether Howard appealed from the two RO decisions in one consolidated appeal to the Board or whether he appealed from those two decisions separately. Either way, the Board has not yet rendered a final decision on the CUE claim that may be appealed to the Court of Appeals for Veterans Claims. If the two decisions were appealed together, and the Board simply did not address the CUE claim, the Board's remand does not constitute a final decision that may be appealed. *See* 38 C.F.R. § 20.1100(b) (1999) (providing that "[a] remand is in the nature of a preliminary order and does not constitute a final decision of the Board"). If the RO decisions were appealed separately, Howard fails to point to any independent final decision by the Board of his CUE claim. Accordingly, the Court of Appeals for Veteran Claims correctly held that it lacked jurisdiction to consider the CUE claim. *See Ledford*, 136 F.3d at 779; *Mayer v. Brown*, 37 F.3d 618, 619 (Fed. Cir.1994) (stating that the Court of Appeals for Veterans Claims "has jurisdiction only when the appellant files a timely appeal from a *final decision* of the [B]oard.") (emphasis added), *overruled on other grounds by Bailey v. West*, 160 F.3d 1360 (Fed.Cir.1998) (en banc). We therefore affirm its dismissal.

■ While Howard contends that the Court of Appeals for Veterans Claims erred in interpreting section 7252(a) by erroneously incorporating an exhaustion requirement into that statute, that argument misreads the court's decision. The court mentioned exhaustion in the context

of mandamus, not its interpretation of section 7252(a). *See Howard II*, slip op. at 1. Moreover, as for Howard's argument that the Court of Appeals for Veterans Claims misinterpreted section 7261 by not compelling the Board to render a decision on his CUE claim, and his related "appellate limbo" argument based on that alleged misinterpretation, examination of Howard's notice of appeal to that court and his reply to the Secretary's motion to dismiss reveal that no argument relating to section 7261 was ever raised before that court. Because Howard did not raise that interpretation to the Court of Appeals for Veterans Claims, and that court did not otherwise raise it sua sponte in its decision, that interpretation of section 7261 could not have been "relied on" by that court, *see* 38 U.S.C. § 7292(a) (Supp. IV 1998), and we thus lack jurisdiction to consider it. *See Smith v. West*, 214 F.3d 1331, 1333–34 (Fed.Cir.2000); *Belcher v. West*, 214 F.3d 1335, 1336–37 & n. 1 (Fed.Cir.2000). We therefore dismiss Howard's appeal on that issue. We have considered the parties' other arguments but find them unpersuasive.

## CONCLUSION

The Court of Appeals for Veterans Claims properly dismissed Howard's appeal under 38 U.S.C. § 7252 because the Board of Veterans Appeals had not rendered a decision regarding his CUE claim, and the court therefore lacked jurisdiction to consider that claim. To the extent that Howard has raised an issue before this court that he did not raise before the Court of Appeals for Veterans Claims, we lack jurisdiction to consider it. We therefore

*AFFIRM–IN–PART* and *DISMISS–IN–PART*.