NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-7014

WILLIAM A. WADSWORTH,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

William A. Wadsworth, of Zephyrhills, Florida, pro se.

Kenneth D. Woodrow, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Amanda R. Blackmon, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Mary J. Schoelen

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-7014

WILLIAM A. WADSWORTH,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims
in case no. 08-639, Judge Mary J. Schoelen.

_____

DECIDED:  April 7, 2010

_____

Before NEWMAN, BRYSON and DYK, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

William A. Wadsworth appeals from a decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court").  We <u>affirm</u>.

## BACKGROUND

Mr. Wadsworth served on active duty in the U.S. Army between 1943 and 1946. His 1946 separation examination noted atrophy of the interosseous muscles of his right hand.  In May of that year, a Veterans Administration regional office awarded Mr.

Wadsworth entitlement to service connection for that injury but found the injury noncompensable.

Mr. Wadsworth subsequently submitted a series of claims for compensation based on the injury to his hands. In October 1965, he sought compensation for his right hand injury, but the regional office denied that claim after he failed to report for a scheduled physical examination. In October 1970, he asked for his file to be reopened. Following a physical examination, the regional office again rated his injury as noncompensable.

In August 1973, Mr. Wadsworth again asked to reopen his claim. This time, based on Veterans Administration medical records indicating that he had muscular atrophy in both hands, the regional office granted him a disability rating of 20% for each hand, effective as of September 6, 1973. In December 1975, he requested an increase in his disability rating. After another medical examination, the regional office confirmed and continued its previous rating decision. He again requested an increased disability rating in 1989, but the previous rating decision was confirmed at that time.

On November 13, 1997, Mr. Wadsworth submitted another claim for an increase in his disability rating. A medical examination resulted in a diagnosis of advanced osteoarthritis involving the interphalangeal joints. Notwithstanding that diagnosis, the regional office did not alter Mr. Wadsworth's disability rating. Mr. Wadsworth contested the regional office's failure to consider evidence of his arthritis when evaluating the severity of his service-connected disability. In addition, he submitted a 1999 medical report from his own physician in support of his claim. Nevertheless, in a September 2000 rating decision, the regional office again determined that a higher rating was not

warranted and denied service connection for osteoarthritis of the hands. In a subsequent decision in May 2001, however, the regional office recharacterized Mr. Wadsworth's disability as atrophy in the intrinsic muscles with osteoarthritis and assigned him 70% rating for the right hand and 60% rating for the left hand. The regional office assigned an effective date of November 13, 1997, the date of his most recent claim for a rating increase. At the same time, the regional office denied Mr. Wadsworth's request for special monthly compensation ("SMC") based on his loss of the use of his hands. After further proceedings, however, the regional office in 2006 assigned Mr. Wadsworth a 100% disability rating for loss of the use of the intrinsic muscles of both hands due to atrophy and granted his request for SMC based on the loss of use of both hands. The regional office set the effective date for those benefits as April 7, 2001.

In November 2006, Mr. Wadsworth appealed that decision to the Board of Veterans' Appeals. Before the Board, he argued that he was entitled to an earlier effective date for his SMC benefits, and he asserted that there was clear and unmistakable error (CUE) in the rating decision of June 1947 because he had not been awarded benefits at that time.

On January 29, 2008, the Board of Veterans' Appeals issued a decision on Mr. Wadsworth's appeal. The Board first referred his CUE claim to the regional office for further development. Next, the Board concluded that his disability "rose to the level of effective loss of use of his hand at the time his claim was received on November 13, 1997," and therefore agreed with his contention that he was entitled to a 100% disability rating and an award of SMC, both effective from that date. The Board considered

whether an earlier effective date could be established under 38 U.S.C. § 5110(b)(2) and 38 C.F.R. § 3.400(o)(2), but concluded that competent evidence did not support an effective date earlier than the date of his claim.

Although the Board ruled in his favor on his request for 100% disability and SMC benefits retroactive to the date of his claim and referred his CUE claim to the regional office for further development, Mr. Wadsworth nonetheless appealed the Board's decision to the Veterans Court. In his appeal, he argued that his disability should have been assigned a 30% rating as of the date of his separation from service and that he should have received a 60% rating between the date his left hand was determined to be part of his service-connected disability and the date that he was awarded a 70% rating. He also claimed that because the Veterans Administration never properly diagnosed his condition, he was unable to purchase life insurance. As a result, he argued, he should be financially compensated for his inability to obtain coverage.

The Veterans Court held that the Board had failed to provide an adequate explanation of why November 13, 1997, is the proper effective date for his increased rating and SMC claims. In particular, the court noted that the Board had not made a determination that all of Mr. Wadsworth's claims prior to the 1997 claim were final. The court therefore vacated the Board's ruling on that issue and remanded the case to the Board for a more complete explanation of its decision on that issue. The court, however, upheld the portion of the Board's decision in which the Board had ruled that an earlier effective date was not warranted under the special circumstances set forth in 38 U.S.C. § 5110(b)(2) and 38 C.F.R. § 3.400(o)(2).

The Veterans Court next observed that the Board had referred Mr. Wadsworth's CUE claim to the regional office. Because the Board had not made a decision on the CUE issue, the Veterans Court held that it lacked jurisdiction to address that issue. As for Mr. Wadsworth's argument that the agency's failure to diagnose his condition had precluded him from obtaining life insurance, the Veterans Court concluded that it could not consider that claim because the Board did not make a decision on that issue and because Mr. Wadsworth was seeking relief that the Veterans Court was not authorized to grant. Mr. Wadsworth appealed to this court.

DISCUSSION

Mr. Wadsworth first contends that he should have received a 30% rating for his service-connected disability from the date he left service until his left hand was determined to be included in his disability, and that he should have received a 60% rating from that point until his rating was raised to 70%. To the extent his argument is based on his CUE claim, the Veterans Court correctly held that it lacked jurisdiction to decide that issue. The Veterans Court's jurisdiction is limited to reviewing final decisions of the Board, Howard v. Gober, 220 F.3d 1341, 1344 (Fed. Cir. 2000), and the Board did not decide Mr. Wadsworth's CUE claim but instead referred it to the regional office for further development.

To the extent Mr. Wadsworth's claim is based on the contention that his pre-1997 claims were not final, the Veterans Court did not decide that issue, but instead remanded it to the Board. That issue is therefore not ripe for decision by this court, to the extent that this court may have jurisdiction over the issue. As a general matter, we review only final decisions of the Veterans Court. See Allen v. Principi, 237 F.3d 1368,

1372 (Fed. Cir. 2001). While there are certain exceptions to that rule, see Williams v. Principi, 275 F.3d 1361, 1364 (Fed. Cir. 2002), this case does not fit within any of those exceptions. The issue of the finality of Mr. Wadsworth's pre-1997 claims will presumably be resolved on remand. If that resolution is adverse to Mr. Wadsworth, he can then seek review by the Veterans Court.

Mr. Wadsworth's second claim is that the agency's failure to provide a diagnosis for his atrophy rendered him unable to purchase individual life or health insurance and that he should be compensated for his loss. Mr. Wadsworth has not pointed to any authority under which the court could order relief of that nature, and we are aware of none. The Veterans Court therefore properly rejected that claim.

For the foregoing reasons, we affirm the decision of the Veterans Court.[1]

---

[1] Mr. Wadsworth submitted a motion to strike the government's brief as being untimely filed. That motion is denied.