NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SUSAN R. FRASIER,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2010-7070

---

Appeal from the United States Court of Appeals for Veterans Claims in 08-3545, Chief Judge William P. Greene, Jr.

---

Decided: January 13, 2011

---

SUSAN R. FRASIER, Albany, New York, pro se.

COURTNEY S. MCNAMARA, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. On the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, KIRK T. MANHARDT, Assistant Director, and STACEY K. GRIGSBY,

Trial Attorney.  Of Counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and KRISTIANA BRUGGER, Attorney, United States Department of Veterans Affairs, of Washington, DC.

_____

Before BRYSON, GAJARSA, and MOORE, *Circuit Judges*.

PER CURIAM.

Ms. Susan R. Frasier appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") that granted the Secretary of Veterans Affairs' ("Secretary") motion to dismiss for lack of jurisdiction. *Frasier v. Shinseki*, No. 08-3545, 2009 WL 4064715 (Vet. App. Nov. 25, 2009).  Because the Veterans Court did not deprive Ms. Frasier of her procedural due process rights and properly dismissed Ms. Frasier's appeal based on the Board of Veterans' Appeals' ("Board") order remanding the case to the Department of Veterans Affairs ("VA") Regional Office in New York, New York ("Regional Office"), we *affirm*.

### BACKGROUND

Ms. Frasier served on active duty from June 1970 to August 1972.  She seeks service connection for numerous conditions that she allegedly suffers, including asthma, tinnitus, endometriosis, ovary removal, skin problems, gastrointestinal disease, crippling muscular mobility disease, and general anxiety disorder.

On August 28, 2008, the Board found that new and material evidence was submitted for Ms. Frasier's claims for a skin disorder, gastrointestinal disability, and psychiatric disability other than post-traumatic stress disorder ("PTSD").  Thus, the Board remanded the case to the Regional Office to reopen these three claims.  The Board

also remanded to readjudicate the issue of entitlement to service connection for PTSD. On September 3, 2008, Ms. Frasier filed a Motion for Reconsideration in which she denied submitting a claim for PTSD. Thus, on October 14, 2008, the Board vacated the portion of its August 28, 2008 order related to PTSD.

On October 28, 2008, Ms. Frasier appealed the Board's August 28, 2008 and October 14, 2008 orders to the Veterans Court. *Frasier*, 2009 WL 4064715, at *1; On December 30, 2008, the Secretary moved for an extension of time to file the record before the agency, which the Clerk of the Veterans Court ("Clerk") granted on the same day.

On February 9, 2009, the Secretary moved to dismiss the appeal for lack of jurisdiction and to stay the case based on the pending motion to dismiss. The Clerk granted the Secretary's motion to stay on the same day that it was filed. On February 24, 2009, the Veterans Court ordered Ms. Frasier to "show cause, within 20 days of [the court's] order, why this appeal should not be dismissed for lack of jurisdiction." On March 12, 2009, Ms. Frasier responded to the court's order. On April 29, 2009, Ms. Frasier filed a Motion for Leave to Proceed that was construed as a motion for leave to file an additional response to the court's order. On May 1, 2009, Ms. Frasier filed a Supplemental Statement to her Motion for Leave to Proceed that was construed as another additional response to the court's order.

On November 25, 2009, Chief Judge Greene of the Veterans Court granted Ms. Frasier's motion and supplemental statement, construing them as a motion for leave to file an additional response. *Frasier*, 2009 WL 4064715, at *1. Chief Judge Greene also dismissed Ms. Frasier's appeal for lack of jurisdiction because the Board,

in remanding certain issues to the Regional Office, had not rendered a final decision. *Id.*

On December 14, 2009, Ms. Frasier filed a Motion for Reconsideration by the full Veterans Court. On March 15, 2010, Chief Judge Greene ordered the Clerk to return Ms. Frasier's motion to her because the motion was prohibited by the court's rules. VET. APP. R. 35(C) ("A motion for a decision by the full Court in a case decided only by a single judge is not permitted.").

Ms. Frasier timely appealed the Veterans Court's decision to this court.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. *Forshey v. Principi*, 284 F.3d 1335, 1338 (Fed. Cir. 2002). Under 38 U.S.C. § 7292(a), this court has jurisdiction over rules of law or the validity of any statute or regulation, or an interpretation thereof, relied on by the Veterans Court in its decision. This court may also interpret constitutional and statutory provisions as needed for resolution of the matter. 38 U.S.C. § 7292(c). In contrast, except where an appeal presents a constitutional question, this court may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Ms. Frasier argues that her constitutional due process rights were violated in the handling of this case. Specifically, she argues that the Board's remand order was deliberately falsified, the Veterans Court deprived her of an opportunity to file a brief, and *ex parte* rulings by the Clerk were made contrary to the Rules of Practice and Procedure of the Veterans Court ("Rules of Practice"). The Fifth Amendment of the United States Constitution

provides that "No person shall . . . be deprived of life, liberty, or property, without due process of law . . . ." U.S. CONST. amend. V.  "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).  Ms. Frasier was not deprived of her constitutional right to due process.

First, the Board's order remanding the case back to the Regional Office to reopen Ms. Frasier's claims did not violate Ms. Frasier's rights.  Ms. Frasier's allegation that the order was "deliberately falsified" is wholly without merit or support.  Further, the Board's remand order that was based on the submission of new and material evidence actually preserves Ms. Frasier's due process rights by requiring the Regional Office to consider all of the evidence and allowing her to make new arguments regarding the facts relevant to this case.  Thus, Ms. Frasier has not presented a constitutional question regarding the Board's remand order that this court has jurisdiction to review.

Second, the Veterans Court did not deprive Ms. Frasier of her due process rights by preventing her from filing her Motion for Leave to Proceed or her Supplemental Statement to her Motion for Leave to Proceed.  Directly contrary to Ms. Frasier's assertion, the Veterans Court granted her motion and supplemental statement, construing them as a motion for leave to file an additional response.  *Frasier*, 2009 WL 4064715, at *1.  Thus, the Veterans Court's acceptance of Ms. Frasier's filings allowed her to make additional, substantive arguments and gave her another opportunity to be heard.  Further, even though the Veterans Court's February 24, 2009 show cause order required a response within twenty days of the order, the Veterans Court still permitted Ms. Frasier's

filings more than two months after the order on April 29, 2009 and May 1, 2009. *See id.*

Third, the Clerk did not violate Ms. Frasier's constitutional due process rights by granting the Government's motion to stay the proceedings and motion for extension of time on the day that each motion was filed without a response from Ms. Frasier. Rule 27 of the Rules of Practice states that "motions for procedural orders may be acted on at any time, without awaiting a response, and, by rule or order of the Court, motions for certain procedural orders may be disposed of by the Clerk. . . . Any party who may be adversely affected by the action may, by motion, request that the Court reconsider, vacate, or modify the action not later than 10 days after the action is announced." VET. APP. R. 27(C); *see also* VET. APP. R. 5(1)(a)(B) ("On its own initiative or on a party's motion, the Court may stay its proceedings when—it is . . . in the interest of judicial efficiency . . . ."). Thus, the Clerk acted within the Rules of Practice when granting the Government's motions. The Rules of Practice also afforded Ms. Frasier the opportunity to contest the procedural orders, but she did not utilize that opportunity. Additionally, neither of the Clerk's orders deprived Ms. Frasier of her due process rights because they were not based on the merits of the case. *See Stone v. Fed. Deposit Ins. Corp.*, 179 F.3d 1368, 1377 (Fed. Cir. 1999) ("Only ex parte communications that introduce new and material information to the deciding official will violate the due process guarantee of notice.")

After finding that Ms. Frasier's constitutional rights to due process were not violated, we turn to the merits of the Veterans Court's order. Under 38 U.S.C. § 7252(a), the Veterans Court has exclusive jurisdiction to review decisions of the Board. The Board's decisions must include "an order granting appropriate relief or denying

relief" under 38 U.S.C. § 7104(d)(2). A remand decision that does not contain an order granting or denying relief is not appealable. *Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1364 (Fed. Cir. 2005); *see also Howard v. Gober*, 220 F.3d 1341, 1344 (Fed. Cir. 2000) ("[T]he Court of Appeals for Veterans Claims' jurisdiction 'is premised on and defined by the Board's decision concerning the matter being appealed,' and when the Board has not rendered a decision on a particular issue, the court has no jurisdiction to consider it under section 7252(a)." (quoting *Ledford v. West*, 136 F.3d 776, 779 (Fed. Cir. 1998))). Because the Board's decision to remand the case to the Regional Office was not an appealable decision, the Veterans Court properly held that it lacked jurisdiction to review an appeal of that decision.

## CONCLUSION

Accordingly, because Ms. Frasier's constitutional due process rights were not violated, and because the Veterans Court properly dismissed her appeal for lack of jurisdiction, we affirm.

No Costs.