NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANGELA D. NAILS,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2016-1170

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-2749, Chief Judge Bruce E. Kasold.

---

Decided: June 10, 2016

---

ANGELA D. NAILS, Brownstown, MI, pro se.

ERIC LAUFGRABEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., PATRICIA M. MCCARTHY; Y. KEN LEE, DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before LOURIE, MOORE, and CHEN, *Circuit Judges.*

PER CURIAM.

Angela D. Nails appeals from the decision of the Court of Appeals for Veterans Claims ("Veterans Court"). We *dismiss* for lack of jurisdiction.

## BACKGROUND

Ms. Nails served honorably on active duty in the U.S. Army from April 1981 to August 1982. In February 2008, she filed a claim for service-connected disability compensation ("disability claim") for a left foot condition and for nonservice-connected pension benefits ("pension claim"). The Veterans Affairs' Regional Office ("RO") denied her disability claim based on its finding that her left foot condition was not related to her military service. The RO also denied her pension claim, noting that she had not served during a period of war. She appealed the decision to the Board of Veterans' Appeals ("Board"). In the meantime, she filed new disability claims for a right foot condition and major depression ("depression claim") in January 2014, which were both denied by the RO in June 2014. In August 2014, the Board issued its decision on her claims from 2008, granting her disability claim for residuals of her left ganglion cyst removal surgery, but denying her pension claim.

Ms. Nails appealed the Board's decision to the Veterans Court, arguing that (i) the Board erred in denying her pension claim, and (ii) she is entitled to her depression claim. The Veterans Court affirmed the Board's denial of Ms. Nails' pension claim, reasoning that the Board's finding that she did not serve during a period of war was not clearly erroneous. As to her depression claim, the Veterans Court dismissed for lack of jurisdiction because she had not appealed the RO's June 2014 decision deny-

ing her depression claim to the Board.  Ms. Nails appeals the Veterans Court's decision.[1]

## DISCUSSION

Our jurisdiction to review the decisions by the Veterans Court is limited by statute.  We may review a Veterans Court's decision "with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the [Veterans Court] in making the decision." 38 U.S.C. § 7292(a) (2012).  Except where an appeal raises a constitutional issue, we lack jurisdiction to review a "challenge to a factual determination" or a "challenge to a law or regulation as applied to the facts of a particular case." *Id*. § 7292(d)(2).

We first address Ms. Nails' pension claim.  Non-service-connected pension benefits are needs-based and have certain eligibility requirements.  A threshold requirement for eligibility is that the veteran served "during a period of war."  38 U.S.C. § 1521(j) (2002); *see also* 38 C.F.R. § 3.3(a)(3) (2013).  The term "period of war" is defined in 38 U.S.C. § 101(11) (2002) to include, among others, the Vietnam era, which ended on May 7, 1975, and the Persian Gulf War, which began on August 2, 1990.  There is no recognized period of war between the Vietnam era, which ended on May 7, 1975, and the Persian Gulf War, which began on August 2, 1990.  *Mason v. Principi*, 16 Vet. App. 129, 131 (2002).

---

[1]    Ms. Nails asks us to "grant court appointed counsel," Appellant Br. 2, but we do not have any procedure to appoint counsel.  *Wickliffe v. Brown*, 1 F.3d 1252, 1252 n. 1 (Fed. Cir. 1993) (unpublished); *see Guide for Pro Se Petitioners        and        Appellants        ¶ 1,* http://www.cafc.uscourts.gov/sites/default/files/Pro%20Se %20Guide.pdf.

Ms. Nails' challenge to the Veterans Court's determination of her veteran status does not raise a legal issue over which we have jurisdiction. The Board made a factual finding that Ms. Nails served in the Army from April 1981 to August 1982, which was affirmed by the Veterans Court. It is undisputed that there is no recognized period of war in 1981 or 1982, and Ms. Nails does not raise any issues over the validity or interpretation of a statute or regulation. Ms. Nails' challenge thus requires us to evaluate the Board's factual finding or at most application of law to the facts, to which we lack jurisdiction. 38 U.S.C. § 7292. Ms. Nails' appeal as to her pension claim is dismissed.

We next address Ms. Nails' depression claim. Ms. Nails contests the Veterans Court's determination that it lacked jurisdiction to consider her depression claim because she had not appealed the RO's decision. Whether the Veterans Court possessed jurisdiction over Ms. Nails' appeal is "an issue of statutory construction that we review without deference." *Howard v. Gober*, 220 F.3d 1341, 1343 (Fed. Cir. 2000) (citations omitted).

The Veterans Court correctly dismissed Ms. Nails' depression claim under a proper interpretation of 38 U.S.C. § 7252. The Veterans Court's jurisdiction "is premised on and defined by the Board's decision concerning the matter being appealed, and when the Board has not rendered a decision on a particular issue, the [Veterans Court] has no jurisdiction to consider it under section 7252(a)." *Howard*, 220 F.3d at 1344. Because Ms. Nails had not appealed the RO's 2014 decision on her depression claim to the Board, the Veterans Court lacked jurisdiction over her depression claim.

## CONCLUSION

The appeal is *dismissed* for lack of jurisdiction as to Ms. Nails' claim for nonservice-connected pension bene-

fits. The Veterans Court's dismissal for lack of jurisdiction over Ms. Nails' depression claim is *affirmed*.

**AFFIRMED IN PART AND DISMISSED IN PART**

Costs

No costs.