NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILLIAM A. BELL,**
*Claimant-Appellant*

**v.**

**DAVID J. SHULKIN, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2017-1354

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-1013, Judge Robert N. Davis.

---

Decided: April 11, 2017

---

WILLIAM A. BELL, Rochdale Village, NY, pro se.

ERIC JOHN SINGLEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN; Y. KEN LEE, BRYAN THOMPSON, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before NEWMAN, MAYER, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

William A. Bell appeals an order of the United States Court of Appeals for Veterans Claims ("Veterans Court") dismissing his appeal of a decision of the Board of Veterans' Appeals ("board"). *See Bell v. McDonald*, No. 16-1013, 2016 U.S. App. Vet. Claims LEXIS 1484 (Sept. 30, 2016) ("*Veterans Court Decision*"). Because the Veterans Court correctly determined that it did not have jurisdiction to review a non-final decision of the board, we affirm.

## BACKGROUND

Bell, a veteran, alleges that he "has been experiencing back problems since his basic training in 1973." After a regional office ("RO") of the Department of Veterans Affairs ("VA") denied his claim for service connection for "back strain," Bell appealed to the board. On February 29, 2016, the board remanded Bell's appeal to the RO, instructing it to obtain and evaluate additional medical records related to Bell's back condition.

Bell then filed an appeal with the Veterans Court. In response to the court's order to show cause why his appeal should not be dismissed, Bell argued that the board's remand order "interfered with the production of evidence supporting his service-connection claim." On September 30, 2016, the Veterans Court issued an order dismissing Bell's appeal. The court explained that it had authority to review a board decision only if that decision was final, and that a board order remanding a claim to the RO for further development was not a final decision. *See Veterans Court Decision*, 2016 U.S. App. Vet. Claims LEXIS 1484, at *2. The court further stated that the VA was not required to serve the record before the agency because the

court had stayed proceedings prior to the deadline for filing the record. *Id.* Bell then appealed to this court.

DISCUSSION

This court's authority to review decisions of the Veterans Court is circumscribed by statute. *Reeves v. Shinseki*, 682 F.3d 988, 992 (Fed. Cir. 2012). While we have jurisdiction to review the Veterans Court's interpretation of statutory and regulatory provisions, we are prohibited, absent a constitutional issue, from reviewing challenges to factual determinations or the application of a statute or regulation to the facts of a particular case. 38 U.S.C. § 7292; *see Dixon v. Shinseki*, 741 F.3d 1367, 1373 (Fed. Cir. 2014). We review statutory interpretation by the Veterans Court without deference. *McGee v. Peake*, 511 F.3d 1352, 1355 (Fed. Cir. 2008); *see also Howard v. Gober*, 220 F.3d 1341, 1343 (Fed. Cir. 2000); *Ledford v. West*, 136 F.3d 776, 778 (Fed. Cir. 1998).

Under 38 U.S.C. § 7252(a), the Veterans Court has "exclusive jurisdiction to review decisions of the [board]." Thus, the court has authority to review final board determinations on the question of whether a veteran is entitled to receive service-connected benefits for a particular disease or condition. *See Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1364 (Fed. Cir. 2005); *see also Howard*, 220 F.3d at 1344 (explaining that the jurisdiction of the Veterans Court "is premised on and defined by the [b]oard's decision concerning the matter being appealed" (citations and internal quotation marks omitted)). The Veterans Court has no independent authority, however, to conduct a substantive review of a board order that remands a claim for benefits to the RO for further development. *See Kirkpatrick*, 417 F.3d at 1364. Here, because the board did not determine whether or not Bell is entitled to the service-connected benefits he seeks, but instead simply remanded his claim to the RO for further consideration and development, the Veterans Court

correctly concluded that it had no jurisdiction to consider his appeal. *See Veterans Court Decision*, 2016 U.S. App. Vet. Claims LEXIS 1484, at \*2 (emphasizing that a board remand order "is not a final decision within the meaning of 38 U.S.C. § 7252(a)").

On appeal, Bell contends that the Veterans Court acted improperly when it permitted the VA "to stay judicial review of its activities." Insofar as Bell suggests that the Veterans Court granted the VA the right to stay proceedings on his claim, he is incorrect. In its remand order, the board did not direct the VA to stay proceedings on Bell's claim related to his back disorder, but instead instructed the VA to reevaluate that claim after obtaining and reviewing additional medical evidence. Indeed, the board's order specifically directs the VA to afford Bell's claim "expeditious treatment" on remand.

We reject, moreover, Bell's assertion that the VA had no "standing" to file a motion to stay proceedings in the Veterans Court and thereby to extend the deadline for serving the record before the agency. *See* U.S. Vet. App. R. 10(a) (setting out the requirements for serving the record before the agency). Under Rule 5(a) of its Rules of Practice and Procedure, the Veterans Court "[o]n its own initiative or on *a motion by a party* . . . may stay its proceedings when . . . it is . . . in the interest of judicial efficiency." U.S. Vet. App. R. 5(a) (emphasis added). Under this provision, the VA, as a "party" to the proceedings, had the right to file a motion asking the Veterans Court to stay proceedings pending the court's resolution of its motion to dismiss Bell's appeal. *See Checo v. Shinseki*, 748 F.3d 1373, 1377 (Fed. Cir. 2014) (explaining that "Congress . . . gave the Veterans Court broad discretion to prescribe, interpret, and apply its own rules").

## Conclusion

We have considered Bell's remaining arguments but do not find them persuasive. Accordingly, the order of the

United States Court of Appeals for Veterans Claims dismissing his appeal for lack of jurisdiction is affirmed.

**AFFIRMED**