NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TONY G. GALVAN,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-2197

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-4421, Judge Joseph L. Falvey, Jr.

---

Decided: October 14, 2021

---

TONY G. GALVAN, Port Lavaca, TX, pro se.

BRENDAN DAVID JORDAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, MARTIN F. HOCKEY, JR.

---

Before MOORE, *Chief Judge*, BRYSON and PROST, *Circuit Judges*.

PER CURIAM.

Tony G. Galvan appeals a decision of the U.S. Court of Appeals for Veterans Claims (Veterans Court) dismissing his appeal challenging two Board of Veterans' Appeals (Board) decisions—one on the merits and one on reconsideration. We *dismiss* for lack of jurisdiction.

## BACKGROUND

Mr. Galvan served in the U.S. Army from 1965 until 1967. Years after being discharged, Mr. Galvan began to experience bilateral hearing loss. In October 2006, the Department of Veteran Affairs (VA) determined that Mr. Galvan's hearing loss was service connected but not compensable. In June 2014, Mr. Galvan filed a claim for a compensable rating for his bilateral hearing loss, arguing that his hearing worsened. In December 2014, after an audiologist examined Mr. Galvan, the VA denied Mr. Galvan's claim because the audiologist's findings were insufficient to warrant a compensable rating. Mr. Galvan appealed the decision, and the Board affirmed. The Board also declined to consider Mr. Galvan's argument related to a separate claim for vertigo stemming from his bilateral hearing loss. Mr. Galvan then filed a motion for reconsideration, which the Chairman of the Board denied. Mr. Galvan appealed both decisions to the Veterans Court. In April 2020, the Veterans Court dismissed Mr. Galvan's appeal, reasoning that he failed to articulate a legal basis for granting reconsideration and that the court lacked jurisdiction over Mr. Galvan's vertigo claim. Mr. Galvan appeals.

## DISCUSSION

Our ability to review a decision of the Veterans Court is limited. We have jurisdiction to review "the validity of a decision of the [Veterans] Court on a rule of law or of any

statute or regulation . . . or any interpretation thereof . . . that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a); *see also id.* § 7292(c). Except to the extent that an appeal presents a constitutional issue, however, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

Mr. Galvan raises three issues. First, whether the Veterans Court denied him due process and misapplied the standard of review for a motion for reconsideration. Second, whether the Veterans Court misapplied 38 C.F.R. § 3.310. And third, whether the Veterans Court incorrectly held that it lacked jurisdiction over his vertigo claim.

Regarding due process, Mr. Galvan first alleges that the Veterans Court denied him due process by confusing his Motion for Reconsideration with that of another veteran, Arthur C. Gonzalez. However, Mr. Galvan does not cite, and we do not discern, any evidence that the Veterans Court made such an error. Because this argument is unsupported, it does not raise a constitutional challenge within the scope of our jurisdiction. *See* 38 U.S.C. § 7292(c).

Mr. Galvan next argues that the Veterans Court misapplied 38 C.F.R. § 3.310 because the audiologist's final report was not sufficiently detailed and failed to fully describe certain effects associated with hearing loss. Setting aside that § 3.310 is irrelevant to Mr. Galvan's argument,[1] we lack jurisdiction to address this argument because the adequacy of the audiologist final report is a factual determination beyond our review, *see* 38 U.S.C.

---

[1] Section 3.310 concerns the circumstances under which "[d]isabilities that are proximately due to, or aggravated by, service-connected disease or injury" will be deemed service connected.

§ 7292(d)(2)(A); *Prinkey v. Shinseki*, 735 F.3d 1375, 1383 (Fed. Cir. 2013) ("[T]he sufficiency of a medical opinion is a matter beyond our jurisdictional reach, because the underlying question is one of fact.").

Lastly, regarding his vertigo claim, Mr. Galvan appears to argue that the Veterans Court had jurisdiction to review that claim because he raised it before the Board. But Mr. Galvan fails to address the Board's underlying lack of jurisdiction. The Board lacked jurisdiction over Mr. Galvan's vertigo claim because he had already tried, lost, and failed to appeal that claim in 2016. S.A. 4. Because the Board lacked jurisdiction over Mr. Galvan's vertigo claim, the Veterans Court lacked jurisdiction and so do we. *See* 38 U.S.C. §§ 7252, 7292; *Howard v. Gober*, 220 F.3d 1341, 1344 (Fed. Cir. 2000) (noting that the Veteran Court's jurisdiction "is premised on and defined by the Board's decision concerning the matter being appealed," and holding that, "when the Board has not rendered a decision on a particular issue, the [Veterans Court] has no jurisdiction to consider it").

## CONCLUSION

Because Mr. Galvan's appeal of the Veterans Court's decision fails to raise a question within the scope of our jurisdiction, we *dismiss*.

## **DISMISSED**

### COSTS

No costs.