NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**NELSON ORTIZ SOTO,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2023-2283

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-4767, Judge Joseph L. Falvey, Jr.

_____

Decided: February 14, 2024

_____

NELSON ORTIZ SOTO, Barranquitas, PR, pro se.

MATTHEW JUDE CARHART, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, ELIZABETH M. HOSFORD, PATRICIA M. MCCARTHY.

_____

Before MOORE, *Chief Judge*, STOLL, *Circuit Judge, and* BENCIVENGO, *District Judge.*[*]

PER CURIAM.

Nelson Ortiz Soto appeals a decision of the United States Court of Appeals for Veterans Claims (Veterans Court) dismissing his appeal for lack of jurisdiction. For the following reasons, we *affirm*.

## BACKGROUND

Mr. Soto served in the Army from 1979 to 1981. S. Appx. 2.[1] In 1999, the Veterans Affairs Regional Office (RO) granted Mr. Soto a 0% disability rating for a shoulder injury. S. Appx. 211. In 2011, after Mr. Soto requested an increased rating for his shoulder injury, the RO increased the rating to 10%. S. Appx. 175. Mr. Soto submitted a Notice of Disagreement, and the RO issued a Statement of the Case confirming the 10% rating. S. Appx. 164. In December 2013, Mr. Soto appealed to the Board of Veterans' Appeals (Board).

The Board remanded Mr. Soto's claim twice for additional examinations. S. Appx. 61; S. Appx. 116–19. Based on results of these examinations, the RO issued a Supplemental Statement of the Case (SSOC) regarding Mr. Soto's shoulder injury rating, S. Appx. 23–38, before returning the appeal to the Board. Mr. Soto submitted an Appeals Satisfaction Notice stating he wished to withdraw all remaining issues contained in his recent SSOC. S. Appx. 18. In June 2022, the Board notified Mr. Soto that, as a result

---

[*]    Honorable Cathy A. Bencivengo, District Judge, United States District Court for the Southern District of California, sitting by designation.

[1]    "S. Appx." refers to the Supplemental Appendix attached to Respondent's Informal Brief.

of his Appeals Satisfaction Notice, his claims regarding his shoulder injury had been withdrawn.  S. Appx. 12–14.

Mr. Soto appealed to the Veterans Court.  The Veterans Court dismissed Mr. Soto's claim for lack of jurisdiction because his arguments did not relate to a decision of the Board.  S. Appx. 2–6.  Mr. Soto appeals.

### DISCUSSION

We have jurisdiction to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision."  38 U.S.C. § 7292(a).  Whether the Veterans Court lacks jurisdiction is an issue of statutory construction, *see* 38 U.S.C. § 7252, which we review de novo.  *Howard v. Gober*, 220 F.3d 1341, 1343 (Fed. Cir. 2000).  The Veterans Court has jurisdiction to review "decisions" of the Board.  38 U.S.C. § 7252(a).  If the Board has not rendered a decision on a claim, that claim is outside of the Veterans Court's jurisdiction. *Ledford v. West*, 136 F.3d 776, 779 (Fed. Cir. 1998).

The Veterans Court dismissed Mr. Soto's appeal because his arguments were unrelated to the Board's June 2022 order.  S. Appx. 2–6.  The Veterans Court explained that Mr. Soto's arguments related to issues concerning arthritis and special monthly compensation (SMC), a type of disability compensation.  S. Appx. 5.  There is no Board decision of record regarding Mr. Soto's arthritis or SMC eligibility.  Because the appealed order related only to the withdrawal of shoulder injury claims, S. Appx. 12–14, which Mr. Soto did not address in his arguments, the Veterans Court's dismissal was proper.

Mr. Soto requests we order the Department of Veterans Affairs (VA) and the Board to produce documents containing information about Mr. Soto's disability ratings.  Appellant's Informal Br. 1–2.  He also continues to claim

eligibility for a "special increase benefit" under 38 C.F.R. § 1114, which provides SMC to extraordinarily disabled veterans. *Id.* at 2–3. We lack jurisdiction to address the merits of these issues which were not decided by either the Board or the Veterans Court.

Though this is not the proper forum for the arguments asserted by Mr. Soto, he is not without recourse. Mr. Soto may bring a claim before the RO seeking SMC.[2] If he files a claim for SMC, the VA's duty to "make reasonable efforts" to assist Mr. Soto "in obtaining evidence necessary to substantiate [his] claim" will be triggered. *See* 38 U.S.C. § 5103A(a)(1). This would address Mr. Soto's request for help obtaining documents relevant to his potential claims. If he wishes to obtain his claims file before filing a claim, he can do so by submitting Form 3288 to the VA.[3]

### CONCLUSION

We affirm the Veterans Court's dismissal of Mr. Soto's appeal for lack of jurisdiction.

### **AFFIRMED**

### COSTS

No costs.

---

[2]    Instructions for bringing a claim for SMC are located at https://www.va.gov/disability/how-to-file-claim/.

[3]    Form 3288 is available at https://www.va.gov/find-forms/about-form-3288.