NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROLANDO ONOFRE,**
*Claimant-Appellant*

**v.**

**TODD HUNTER, ACTING SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-2288

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 24-2951, Judge Joseph L. Falvey, Jr.

---

Decided:  January 22, 2025

---

ROLANDO E. ONOFRE, San Antonio, TX, pro se.

BRITTNEY M. WELCH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY.

---

Before MOORE, *Chief Judge*, LOURIE and STARK, *Circuit Judges*.

PER CURIAM.

Rolando Onofre appeals a decision from the United States Court of Appeals for Veterans Claims (Veterans Court) dismissing his appeal for lack of jurisdiction. Because we lack jurisdiction over Mr. Onofre's appeal, we *dismiss*.

## BACKGROUND

Mr. Onofre, an Army veteran, served in Vietnam from September 1970 to September 1971, where he was presumptively exposed to the herbicide Agent Orange. *Onofre v. McDonough*, No. 22-1897, 2023 WL 2534048, at *1 (Fed. Cir. March 16, 2023). In 2008, he filed claims for service connection for cardiovascular disease and hypertension. *Id.* As to Mr. Onofre's hypertension claim, the United States Department of Veterans Affairs (VA) initially denied service connection, and this decision was affirmed by the Board of Veterans' Appeals (Board) and the Veterans Court. *Id.* In a previous appeal, we vacated and remanded the Veterans Court's decision regarding Mr. Onofre's hypertension claim because, after the decision issued, the list of conditions for which service connection following herbicide exposure may be statutorily presumed was amended to include hypertension. *Id.*

On remand, the Veterans Court set aside the Board's denial of Mr. Onofre's hypertension claim and remanded the matter to the Board. *Onofre v. McDonough*, No. 21-2711, 2023 WL 4404626, at *1 (Vet. App. July 7, 2023). In a March 15, 2024 decision, the Board granted service connection for hypertension based on herbicide exposure. S.

Appx.[1] 5–8.  In a separate decision, on March 22, 2024, a VA Regional Office (RO) assigned a non-compensable zero percent evaluation to Mr. Onofre's service connection for hypertension.  S. Appx. 11–13.  Mr. Onofre was notified of this decision via letter on March 26, 2024 and informed that he could pursue one of the administrative review options provided in 38 U.S.C. § 5104C within one year of the date of the letter.  S. Appx. 18–26.

Rather than pursue administrative review of the March 22 RO rating decision, on April 4, 2024, Mr. Onofre submitted a written statement to the VA requesting revision of the March 15 Board decision granting service connection.  S. Appx. 27–32.  Although Mr. Onofre's statement requested "correction of" the March 15 Board decision, the substance of his argument instead challenged the separate March 22 RO rating decision.  *Id.*  Mr. Onofre stated, among other arguments, that the March 22 RO rating decision was the result of clear and unmistakable error (CUE).  *Id.* at 27.  He submitted another statement with similar arguments on April 23, 2024.  S. Appx. 33–37.

On May 14, 2024, the RO denied Mr. Onofre's April 4 request.  S. Appx. 38–44.  Although Mr. Onofre's statement requested revision of the March 15 Board decision, the RO broadly construed Mr. Onofre's argument as alleging CUE in the March 22 rating decision and adjudicated this claim.  The RO concluded Mr. Onofre had not shown CUE in the March 22 RO rating decision and no revision to his rating level was warranted.  *Id.* at 39–40.  Mr. Onofre was again informed of his right to pursue one of the administrative review options provided in 38 U.S.C. § 5104C within one year of the March 26, 2024 letter.  S. Appx. 51–52.

---

[1]     "S. Appx." refers to the Supplemental Appendix attached to Respondent's Informal Brief.

Mr. Onofre then appealed the March 15 Board decision granting service connection to the Veterans Court. The Secretary of Veterans Affairs moved to dismiss the appeal because the only decision on appeal was not adverse to Mr. Onofre. The Veterans Court granted the Secretary's motion. Mr. Onofre appeals.

DISCUSSION

We have jurisdiction to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a). "Except to the extent that an appeal presents a constitutional issue, we may not review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case." *Bowey v. West*, 218 F.3d 1373, 1375–76 (Fed. Cir. 2000) (citing 38 U.S.C. § 7292(d)(1)). Whether the Veterans Court lacks jurisdiction is an issue of statutory construction, *see* 38 U.S.C. § 7252, which we review de novo. *Howard v. Gober*, 220 F.3d 1341, 1343 (Fed. Cir. 2000).

Mr. Onofre argues the Veterans Court erred in dismissing his appeal for lack of jurisdiction. For the reasons below, we lack jurisdiction over all of Mr. Onofre's arguments.

Mr. Onofre raises several arguments regarding the legal standard applied by the Veterans Court, including that the Veterans Court "overlooked," erroneously interpreted, or incorrectly applied 38 U.S.C. § 7252. Appellant's Informal Br. 1–2. The Veterans Court expressly invoked § 7252 in concluding it lacked jurisdiction over Mr. Onofre's appeal, S. Appx. 1, but Mr. Onofre does not identify any interpretation of § 7252 by the Veterans Court. Instead, Mr. Onofre takes issue with the Veterans Court's application of § 7252 to the facts of his case, but we do not have jurisdiction to review the application of law to fact. 38 U.S.C. § 7292(d)(2).

Mr. Onofre argues the Veterans Court failed to review the March 15 decision granting a zero percent rating and the May 14 decision denying revision to the rating. Appellant's Informal Br. 2. The Veterans Court acknowledged Mr. Onofre's disagreement with his zero percent rating but explained that the rating presented a separate issue from the appealed grant of service connection. S. Appx. 2. The Veterans Court concluded that, because Mr. Onofre's zero percent rating was not the subject of the appealed Board decision (or any Board decision for that matter), it lacked jurisdiction over the issue. *Id.* The Veterans Court decision on this point again involved only the application of law to the facts of this case. *Id.* (citing *Howard*, 220 F.3d at 1344). Review of this issue is therefore outside the scope of our jurisdiction. 38 U.S.C. § 7292(d)(2).

Mr. Onofre argues the Veterans Court decided constitutional issues and his due process rights have been violated. Appellant's Informal Br. 2–3. The substance of Mr. Onofre's argument, however, does not present a constitutional issue, and the Veterans Court did not decide any constitutional issues. Mr. Onofre's characterization of his arguments as constitutional does not make them so. *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999).

Importantly, Mr. Onofre is not without recourse to challenge the March 22 RO rating decision assigning a noncompensable zero percent rating. As stated in the documents attached to the March 26, 2024 letter, Mr. Onofre has until March 26, 2025 to pursue administrative review of the zero percent rating decision. S. Appx. 25–26. He can, for example, appeal the decision to the Board by filing VA Form 10182.[2]

---

[2] VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement), is available at https://www.va.gov/vaforms/va/pdf/VA10182.pdf.

CONCLUSION

We have considered Mr. Onofre's remaining arguments and find them unpersuasive.  Because Mr. Onofre does not challenge the Veterans Court's interpretation of a statute or regulation and does not raise a genuine constitutional issue, we dismiss for lack of jurisdiction.

**DISMISSED**

COSTS

No costs.