NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BENJAMIN PHILLIP SHULMAN,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-2003

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-3301, Judge William S. Greenberg.

---

Decided: June 17, 2025

---

KENNETH DOJAQUEZ, Carpenter Chartered, Topeka, KS, argued for claimant-appellant.  Also represented by PAUL JENNINGS, TRICIA PATTEN PETEK, MilVet Law Firm PLLC, Lacey, WA.

AUGUSTUS JEFFREY GOLDEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR.,

PATRICIA M. MCCARTHY; CHRISTINA LYNN GREGG, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before HUGHES, MAYER, and STOLL, *Circuit Judges.*

STOLL, *Circuit Judge.*

Benjamin Shulman appeals the decision of the United States Court of Appeals for Veterans Claims dismissing his challenge to the Board of Veterans' Appeals remand order for lack of jurisdiction. Because the Board remanded his case for further development and did not reach a decision on his claims, we affirm the Veterans Court's dismissal.

## BACKGROUND

Mr. Shulman served on active duty in the United States Army from August 2000 to July 2007. He initially agreed to a three-year enlistment period that ended on August 24, 2003. During his second enlistment period, Mr. Shulman went absent without leave (AWOL), and he was dishonorably discharged on June 6, 2007.

The Regional Office for the Department of Veterans Affairs initially determined that Mr. Shulman's dishonorable discharge barred him from receiving VA benefits for his entire enlistment: August 24, 2000, to June 6, 2007. In a November 30, 2020 order, however, the Board separated Mr. Shulman's two periods of service and found his first period of service to be honorable. "The Board note[d] that in light of this favorable finding [Mr. Shulman was] entitled to apply for VA benefits including service connection claims based upon his period of honorable service between August 2000 and August 24, 2003." J.A. 100. The Board then remanded the matter to the RO to further develop "the issue of [Mr. Shulman's] mental state at the time of his AWOL," J.A. 102, which could impact whether or not his discharge

barred his receipt of benefits for his second period of service.

Mr. Shulman subsequently filed a Notice of Disagreement with the Board related to an RO decision that issued shortly before the Board's November 30, 2020 order. Mr. Shulman challenged the RO's findings on service connection and character of service, which had listed his entire period of service as dishonorable. In response to the NOD, the Board issued a May 14, 2021 order again remanding "[t]he issue of whether the character of [Mr. Shulman's] discharge for the period of service from August 25, 2003, to June 6, 2007, constitutes a bar to receipt of VA benefits," J.A. 120, and allowing for factual development from its November 30, 2020 order to continue. The May 14, 2021 order was not related to Mr. Shulman's first period of service, and Mr. Shulman's claims for benefits stemming from that period are moving forward in separate proceedings before the VA.

Mr. Shulman appealed the Board's May 14, 2021 order to the Veterans Court. The Veterans Court dismissed the appeal for lack of jurisdiction because the Board had "not grant[ed] or den[ied] benefits in the May 14, 2021, decision; in the decision the Board remanded the only matter at issue." J.A. 141.

Mr. Shulman appeals. We have jurisdiction under 38 U.S.C. § 7292(c).

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. 38 U.S.C. § 7292. We have jurisdiction to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter)." *Id.* § 7292(a). Whether the Veterans Court lacks jurisdiction is an issue we review de novo. *Howard v. Gober*, 220 F.3d 1341, 1343

(Fed. Cir. 2000) (first citing *Ledford v. West*, 136 F.3d 776, 778 (Fed. Cir. 1998); and then citing *Hensley v. West*, 212 F.3d 1255, 1259 (Fed. Cir. 2000)).

The Veterans Court has "exclusive jurisdiction to review decisions of the Board." 38 U.S.C. § 7252(a). "A 'decision' of the Board, for purposes of the Veterans Court's jurisdiction under section 7252, is the decision with respect to the benefit sought by the veteran: those benefits are either granted . . . , or they are denied." *Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1364 (Fed. Cir. 2005) (alteration in original) (quoting *Maggitt v. West*, 202 F.3d 1370, 1376 (Fed. Cir. 2000)). If the Board has not rendered a decision on a claim, that claim is outside the Veterans Court's jurisdiction. *See id.* at 1364–66; *see also Ledford*, 136 F.3d at 779. A remand from the Board that "contains no order granting or denying relief" is not a "decision" by the Board. *Kirkpatrick*, 417 F.3d at 1364. Here, the only issue the Board addressed in its May 14, 2021 order was whether the character of Mr. Shulman's discharge constitutes a bar to the receipt of VA benefits for his second period of service. The Board remanded this issue to the VA to further develop facts and did not grant or deny relief on any claim. Without a decision on a claim, the order is outside the Veterans Court's appellate jurisdiction.

Mr. Shulman contends that the Board implicitly denied claims related to his first period of service in the May 14, 2021 order. We disagree. His first period of service was not before the Board in that order—as recognized by the Board, the Veterans Court, and the Secretary in this appeal—and so the associated claims could not have been implicitly denied, as only the issue related to his second period of service was considered and remanded. *See* J.A. 120–21; J.A. 140–42; Oral Arg. at 13:37–13:58, 16:34–17:06, https://oralarguments.cafc.uscourts.gov/default.aspx?fl=23-2003_03032025.mp3. Moreover, Mr. Shulman conceded at oral argument that the Veterans Court correctly dismissed his appeal if only his second period of

service was before the Board in the May 14, 2021 order. Oral Arg. at 8:40–9:22.

## CONCLUSION

We have considered Mr. Shulman's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm the Veterans Court's decision dismissing Mr. Shulman's appeal for lack of jurisdiction.

### **AFFIRMED**

## COSTS

No costs.